### 21366. CRAINE *et al.* v. LUCKEY.

SUBMITTED SEPTEMBER 12, 1961—DECIDED OCTOBER 9, 1961.

*Robert W. Reynolds,* for plaintiffs in error.

*Perry, Walters & Langstaff, Jesse W. Walters,* contra.

MOBLEY, Justice. The allegations in Luckey's petition show that the basis for the relief sought is his claim that by virtue of the payment to General Capital Corporation "plaintiff is subrogated to the rights of said General Capital Corporation and as a further result has a valid and enforceable lien on said automobiles in the amount of three thousand two hundred ($3,200) dollars."

From an examination of the record it is highly doubtful that General Capital Corporation in fact had a lien on the automobiles, equally doubtful that Luckey, rather than Global, paid off the lien if there was one, but, assuming that such a lien existed, it was invalid as against Craine as it was never recorded as required by Section 319.15 of the 1955 Florida Statutes which provides that "No liens for purchase money or as security for a debt in the form of retain title contract, conditional bill of sale or chattel mortgage, or otherwise, on a motor vehicle, as now or hereafter defined by law, shall be enforceable in any of the courts of this State, against creditors or subsequent purchasers for a valuable consideration and without notice, unless sworn notice of such lien, showing the following information [setting out information required] shall be recorded in the Office of the motor vehicle commissioner of the State, which filing is in lieu of all filing and recording now required or authorized by law, and shall be effective as constructive notice when filed. . ."

Luckey contends that the lienholder, General Capital Corporation, was in possession of the automobiles and for that reason Craine was charged with notice of their lien, though unrecorded. The record would seem to indicate that apparent possession to the automobiles was as much in Global as General Capital Corporation, but conceding possession in General Capital Corporation, the defendant in error cites no cases as authority to support his contention that possession by an alleged lienholder is sufficient notice to obviate the express requirements of the Florida statute requiring the recording of such liens, and this court has been unable to discover any such authority.

Furthermore the record shows that the purchase of the automobiles by Craine was consummated prior to the purchase by Luckey and further shows that prior to such consummation Craine demanded and received Florida title certificates to the vehicles, which certificates, by Florida law, are essential in order to acquire title to a motor vehicle in that State. Florida Statutes 1955, Sections 319.21 and 319.22.

In view of the foregoing it was error for the trial court to overrule the motion for judgment notwithstanding the verdict which was filed by the plaintiff in error, Craine. The judgment of the trial court is reversed with direction that judgment be entered in accordance with the motion for directed verdict.

*Judgment reversed with direction. All the Justices concur.*